Bijal V. Vakil (SBN192878)
bijal@whitecase.com
Shamita Etienne-Cummings (SBN 202090)
setienne@whitecase.com
Eric E. Lancaster (SBN 244449)
eric.lancaster@whitecase.com
WHITE & CASE LLP
Two Palo Alto Square, Suite 900
3000 El Camino Real
Palo Alto, CA  94306
Telephone:  650.213.0300
Facsimile:  650.213.8158

Attorneys for Plaintiff
MARVELL SEMICONDUCTOR, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVELL SEMICONDUCTOR, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MONTEREY RESEARCH, LLC,<br><br>Defendant. | Case No.  5:20-cv-03296<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Marvell Semiconductor, Inc. ("MSI"), for its Complaint against Defendant Monterey Research, LLC ("Monterey"), hereby alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for declaratory judgment of non-infringement of U.S. Patent No. 6,459,625 ("'625 patent"), U.S. Patent No. 6,534,805 ("'805 patent"), U.S. Patent No. 6,629,226 ("'226 patent"), U.S. Patent No. 6,651,134 ("'134 patent"), and U.S. Patent No. 6,765,407 ("'407 patent") arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*

2. MSI requests this relief because Monterey recently filed a lawsuit against MSI in

the District of Delaware alleging that MSI infringed certain claims of the '625 patent, '805 patent, '226 patent, '134 patent, and '407 patent (collectively "Patents-in-Suit"). Monterey alleges infringement of the Patents-in-Suit based on MSI's certain system-on-chip semiconductor devices, memory devices, and integrated circuits. *See, e.g.*, Monterey's Compl. ¶¶ 42, 58, 75, 91, and 107.

3. A true and correct copy of Monterey's complaint filed in the District of Delaware is attached as Exhibit A. Venue in Delaware is improper with respect to MSI, in view of the Supreme Court's ruling in *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514 (2017), because of at least the following: MSI is not incorporated in Delaware, does not have a regular and established place of business in Delaware, and MSI will be moving to dismiss Monterey's complaint for improper venue.

4. An actual and justiciable controversy therefore exists under 28 U.S.C. §§ 2201-02 between MSI and Monterey as to whether MSI infringed the '625, '805, '226, '134, and '407 patents.

## PARTIES

5. Plaintiff MSI is a California corporation, with its principal place of business located at 5488 Marvell Lane, Santa Clara, California 95054. MSI does business in this District.

6. MSI is a leading supplier of infrastructure semiconductor solutions, spanning the data center core to network edge. MSI is a fabless semiconductor supplier of high-performance standard and semi-custom products with core strengths in developing and scaling complex System-on-a-Chip architectures integrating analog, mixed-signal and digital signal processing functionality. Leveraging leading intellectual property and deep system-level expertise as well as highly innovative security firmware, MSI's solutions are empowering the data economy and enabling communications across 5G, cloud, automotive, industrial and artificial intelligence applications. MSI employs more than 1,700 people in the Northern District of California.

7. On information and belief, Monterey is a limited liability company organized and existing under the laws of the State of Delaware, with offices in New Jersey and California. Ex. A ¶ 5. On information and belief, Monterey's office in California is located at 3945 Freedom

Circle, Suite 900, Santa Clara, California 95054.

8. On information and belief, Monterey is a subsidiary of IPValue Management Inc. (d/b/a IPValue). Monterey has appointed IPValue as its licensing agent, as stated on IPValue's website[1]. IPValue has an office located at 3945 Freedom Circle, Suite 900, Santa Clara, California 95054.

9. Monterey alleges that it is the assignee and owner of the Patents-in-Suit. Ex. A ¶¶ 18-27. Monterey purports to be the owner of a portfolio of approximately 2,000 active U.S. patents, allegedly stemming from "technology developed by a number of leading high-technology companies, including Cypress Semiconductor Corporation, Advanced Micro Devices, Fujitsu, NVX Corporation, and Ramtron." *Id.* ¶ 1.

## JURISDICTION AND VENUE

10. This Court has exclusive subject matter jurisdiction over this action, which arises under the patent laws of the United States, pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201(a).

11. This Court has personal jurisdiction over Monterey, which has sufficient minimum contacts with California, including in the Northern District of California. On information and belief, Monterey has an office located at 3945 Freedom Circle, Suite 900, Santa Clara, California 95054, as stated on the Patent Assignment Cover Sheet retrieved from the United States Patent and Trademark Office ("USPTO") website assignment page in association with the Patents-in-Suit. A true and correct copy of the Patent Assignment Cover Sheet retrieved from the USPTO website assignment page is attached as Exhibit B.

12. On information and belief, Monterey also has purposefully availed itself of the privileges and protections of this District by systematically pursuing patent enforcement activities and negotiating license agreements with entities and individuals residing in California and in this District, including the '625, '805, '226, '134, and '407 patents.

13. Specifically, on information and belief, Monterey's licensing agent, IPValue has at least one office in this district located at 3945 Freedom Circle, Suite 900, Santa Clara, California.

---

[1] https://www.ipvalue.com/portfolios#.

On information and belief, during approximately 2018-2020, Monterey and/or through its licensing agent IPValue, has contacted and negotiated with MSI in this District, with demands to obtain patent licenses to the '625, '805, '226, '134, and '407 patents. Monterey has had meetings within this District with MSI regarding its demand to obtain patent licenses to the '625, '805, '226, and '407 patents on May 15, 2019 and on November 6, 2019.

14. Venue in this District is proper under 28 U.S.C. § 1391(b). MSI maintains its principal place of business in this District. Monterey is subject to personal jurisdiction in this District, has an office in this District, and a substantial part of the events giving rise to MSI's declaratory judgment claim of non-infringement, such as the development of MSI system-on-chip semiconductor devices, occurred in this District. On information and belief, many of Monterey's licensing and enforcement activities involving the '625, '805, '226, '134, and '407 patents also occurred in this District.

**INTRADISTRICT ASSIGNMENT**

15. Pursuant to Civil L.R. 3-2(c) and 3-5(b), this is an Intellectual Property Action subject to assignment on a district-wide basis.

**PROCEDURAL BACKGROUND**

16. On January 31, 2020, Monterey filed a complaint against Marvell Technology Group Ltd., Marvell International Ltd., Marvell Asia PTE Ltd., and MSI in the United States District Court for the District of Delaware, Case No. 1:20-cv-00158-NIQA-LAS, alleging infringement of the same five patents at issue: the '625, '805, '226, '134, and '407 patents (collectively "Patents-in-Suit"). Monterey alleged that MSI, jointly and severally with other defendants, infringed the Patents-in-Suit by "making, using, selling, offering for sale, and/or importing products (including importing products made by a patented process) throughout the United States." Ex. A ¶ 2.

17. On January 31, 2020, Monterey filed its Rule 7.1 Disclosure Statement, identifying IPValue Management, Inc. as its parent.

18. On April 30, 2020, Monterey and MSI, Marvell Technology Group Ltd., Marvell International Ltd., and Marvell Asia PTE Ltd. filed a stipulation to extend the time for defendants

"to move, answer, or otherwise respond to the Complaint" to May 21, 2020.

19. By virtue of these acts, an actual and justiciable controversy exists between the parties concerning MSI's liability for the alleged infringement of the Patents-in-Suit. MSI now seeks a declaratory judgment of noninfringement of the Monterey Patents-in-Suit.

## THE PATENTS-IN-SUIT

20. The United States Patent and Trademark Office ("USPTO") issued the '625 patent, entitled "Three Metal Process for Optimizing Layout Density," on October 1, 2002. A true and correct copy of the '625 patent is attached hereto as Exhibit C.

21. The USPTO issued the '805 patent, entitled "SRAM Cell Design," on March 18, 2003. A true and correct copy of the '805 patent is attached hereto as Exhibit D. The USPTO issued an Ex Parte reexamination Certificate for the '805 patent on October 14, 2014. A true and correct copy of the Ex Parte Reexamination Certificate for the '805 patent is attached hereto as Exhibit E.

22. The USPTO issued the '226 patent, entitled "FIFO Read Interface Protocol," on September 30, 2003. A true and correct copy of the '226 patent is attached hereto as Exhibit F.

23. The USPTO issued the '134 patent, entitled "Memory Device with Fixed Length Non Interruptible Burst," on November 18, 2003. A true and correct copy of the '134 patent is attached hereto as Exhibit G.

24. The USPTO issued the '407 patent, entitled "Digital Configurable Macro Architecture," on July 20, 2004. A true and correct copy of the '407 patent is attached hereto as Exhibit H.

25. The Patents-in-Suit are allegedly directed to technology relating to semiconductor devices, integrated circuits, and/or products containing the same. Ex. A ¶ 30. Monterey alleges that the Patents-in-Suit stem from research and design of technology developed by leading high-technology companies, including Cypress Semiconductor Corporation, an American multinational company founded in 1982. *Id.* ¶ 29.

## ACCUSED MSI PRODUCTS

26. Monterey has accused MSI of directly infringing the Patents-in-Suit through

making, using, selling, offering to sell and/or importing into the United States without authorization products covered by one or more claims of the Patents-in-Suit. *See* Ex. A ¶¶ 42, 58, 75, 91, and 107.

27. According to Monterey, MSI's "Accused '625 Products," including, but not limited to, products that use the three metal layer or more metallization in their integrated memory device's periphery area, such as the 88W8897A network system-on-chip; other MSI semiconductor devices, integrated circuits, and products; and all other semiconductor devices, integrated circuits, and products with similar integrated memory devices containing a periphery area which uses the infringing technology, allegedly infringe the '625 patent. *See* Ex. A ¶ 42. MSI denies such alleged infringement.

28. According to Monterey, MSI's "Accused '805 Products," including, but not limited to, all MSI devices incorporating SRAM with a 6T and/or 8T cell design, such as the 88W8897 system-on-chip semiconductor device; all other products that include SRAM with 6T or 8T cells, including embedded SRAM; and all other semiconductor devices, integrated circuits, and products with similar infringing technology, allegedly infringe the '805 patent. *See* Ex. A ¶ 58. MSI denies such alleged infringement.

29. According to Monterey, MSI's "Accused '226 Products," including, but not limited to, products supporting NVME or with NVME compliant memory, such as the 88SS1100 NVME SSD controllers; other MSI semiconductor devices, integrated circuits, and products built to utilize NVME compliant memory; and all other semiconductor devices, integrated circuits, and products using a similar multiqueue memory read interface, allegedly infringe the '226 patent. *See* Ex. A ¶ 75. MSI denies such alleged infringement.

30. According to Monterey, MSI's "Accused '134 Products", including, but not limited to, products that comply with the JEDEC standards JESD79-3F DDR3 SDRAM, JESD79-4A DDR4 SDRAM, JESD209-3 LPDDR3, JESD209-4 LPDDR4 and similar versions of the JEDEC DDRx standards that use non-interruptible burst read or write operations, such as the 88SS1100 SSD controller, the Armada 8040 processors, and the Avanta 88F610/30/50/60; other MSI semiconductor devices, integrated circuits, and products that are compliant with JESD79-3F

DDR3 SDRAM, JESD79-4A DDR4 SDRAM, JESD209-3 LPDDR3, JESD209-4 LPDDR4 or similar versions; and all other semiconductor devices, integrated circuits, and products with similar infringing technology, allegedly infringe the '134 patent. *See* Ex. A ¶ 91. MSI denies such alleged infringement.

31. According to Monterey, MSI's "Accused '407 Products," including, but not limited to, products with multiple ARM cores, such as the 88PA6270 Quad-Core MFP Printer system-on-chip, ARMADA Mobile PXA1908/18/28, 1500 Ultra, and the IAP140 semiconductor devices and other products in the FX-14, ARMADA 8K, ARMADA 7K, ARMADA 3700 product families; other multicore MSI semiconductor devices, integrated circuits, and products containing ARM A53 and newer cores; and all other semiconductor devices, integrated circuits, and products with similar ARM or ARM-derived cores, allegedly infringe the '407 patent. *See* Ex. A ¶ 107. MSI denies such alleged infringement.

32. Monterey additionally accused MSI of induced infringement of the Patents-in-Suit, by actively inducing others, including its customers, to make, use, sell, offer to sell, and/or import into the United States without authorization the Accused '625 Products, the Accused '805 Products, the Accused '026 Products, the Accused '134 Products, and the Accused '407 Products. *See* Ex. A ¶¶ 47, 63, 80, 96, and 112. MSI denies such alleged infringement.

33. Monterey further accused MSI of contributing to the infringement of the Patents-in-Suit, by selling, offering to sell, and/or importing in or into the United States the Accused '625 Products, the Accused '805 Products, the Accused '026 Products, the Accused '134 Products, and the Accused '407 Products. *See* Ex. A ¶¶ 48, 64, 81, 97, and 113. MSI denies such alleged infringement.

## COUNT I:
## DECLARATION OF NONINFRINGEMENT OF THE '625 PATENT

34. MSI hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 33 of this Complaint as though fully repeated and set forth herein.

35. In its complaint filed in the wrong venue, the District of Delaware, Monterey has alleged that MSI directly and indirectly infringes "one or more claims" of the '625 patent,

including claim 10 of the '625 patent as one non-limiting example. *See, e.g.*, Ex. A ¶¶ 35-50.

36. MSI has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of the '625 patent, either literally or under the Doctrine of Equivalents. For example, the Accused '625 Products do not infringe, directly or indirectly, claim 10 or any claim that depends on claim 10 of the '625 Patent at least because they do not include "a plurality of sub-circuits in a periphery area of a silicon substrate" each "include[ing] at least one electric circuit with a plurality of circuit components" with "a first metal interconnect layer … that partially electrically connect[s] the circuit components of said electric circuits," or "a second metal interconnect layer … that complete[s] the electrical connection of said circuit components of said electric circuits," or "a third metal interconnect layer … that electrically interconnect[s] said plurality of sub-circuits," as required by claim 10 of the '625 patent.

37. An actual and justiciable controversy therefore exists between MSI and Monterey regarding whether any of the Accused '625 Products infringes "one or more claims of the '625 patent," including claim 10. A judicial declaration is necessary to determine the respective rights of the parties regarding the '625 patent.

38. MSI seeks a judgment declaring that MSI does not infringe and MSI has not infringed directly or indirectly the '625 patent.

## COUNT II:
## DECLARATION OF NONINFRINGEMENT OF THE '805 PATENT

39. MSI hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 33 of this Complaint as though fully repeated and set forth herein.

40. In its complaint filed in the wrong venue, the District of Delaware, Monterey has alleged that MSI directly and indirectly infringes "one or more claims" of the '805 patent, including claim 8 of the reexamined '805 patent as one non-limiting example. *See, e.g.*, Ex. A ¶¶ 51-66.

41. MSI has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of the '805 patent, either literally or under the Doctrine of Equivalents. For example, the Accused '805 Products do not infringe, directly or indirectly, claim 8 or any claim

that depends on claim 8 of the '805 patent because at least claim 8 of the '805 patent was found to be unpatentable, was amended, and was part of Ex Parte Reexamination Certificate for the '805 patent issued after the launch of at least one of the Accused '805 Products. MSI has intervening rights under 35 U.S.C. § 252. Further, the Accused '805 Products do not infringe, directly or indirectly, claim 8 or any claim that depends on claim 8 of the '805 Patent because they do not include "a single local interconnect layer comprising local interconnects corresponding to bitlines and a global wordline," as required by claim 8 of the '805 patent.

42. An actual and justiciable controversy therefore exists between MSI and Monterey regarding whether any of the Accused '805 Products infringes "one or more claims of the '805 patent," including claim 8. A judicial declaration is necessary to determine the respective rights of the parties regarding the '805 patent.

43. MSI seeks a judgment declaring that MSI does not infringe and MSI has not infringed directly or indirectly the '805 patent.

## COUNT III:

## DECLARATION OF NONINFRINGEMENT OF THE '226 PATENT

44. MSI hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 33 of this Complaint as though fully repeated and set forth herein.

45. In its complaint filed in the wrong venue, the District of Delaware, Monterey has alleged that MSI directly and indirectly infringes "one or more claims" of the '226 patent, including claim 18 of the '226 patent as one non-limiting example. *See, e.g.*, Ex. A ¶¶ 67-83.

46. MSI has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of the '226 patent, either literally or under the Doctrine of Equivalents. For example, the Accused '226 Products do not infringe, directly or indirectly, claim 18 or any claim that depends on claim 18 of the '226 patent at least because they do not include "a multiqueue storage device," as required by claim 18 of the '226 patent.

47. An actual and justiciable controversy therefore exists between MSI and Monterey regarding whether any of the Accused '226 Products infringes "one or more claims of the '226 patent," including claim 18. A judicial declaration is necessary to determine the respective rights

of the parties regarding the '226 patent.

48. MSI seeks a judgment declaring that MSI does not infringe and MSI has not infringed directly or indirectly the '226 patent.

## COUNT IV:

## DECLARATION OF NONINFRINGEMENT OF THE '134 PATENT

49. MSI hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 33 of this Complaint as though fully repeated and set forth herein.

50. In its complaint filed in the wrong venue, the District of Delaware, Monterey has alleged that MSI directly and indirectly infringes "one or more claims" of the '134 patent, including claim 17 of the '134 patent as one non-limiting example. *See, e.g.*, Ex. A ¶¶ 84-99.

51. MSI has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of the '134 patent, either literally or under the Doctrine of Equivalents. For example, the Accused '134 Products do not infringe, directly or indirectly, claim 17 or any claim that depends on claim 17 of the '134 patent at least because they do not "generat[e] a predetermined number of said internal address signals …, wherein said generation of said predetermined number of internal address signals is non-interruptible," as required by claim 17 of the '134 patent.

52. An actual and justiciable controversy therefore exists between MSI and Monterey regarding whether any of the Accused '134 Products infringes "one or more claims of the '134 patent," including claim 17. A judicial declaration is necessary to determine the respective rights of the parties regarding the '134 patent.

53. MSI seeks a judgment declaring that MSI does not infringe and MSI has not infringed directly or indirectly the '134 patent.

## COUNT V:

## DECLARATION OF NONINFRINGEMENT OF THE '407 PATENT

54. MSI hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 33 of this Complaint as though fully repeated and set forth herein.

55. In its complaint filed in the wrong venue, the District of Delaware, Monterey has

WHITE & CASE LLP
ATTORNEYS AT LAW
SILICON VALLEY

alleged that MSI directly and indirectly infringes "one or more claims" of the '407 patent, including claim 8 of the '407 patent as one non-limiting example. *See, e.g.*, Ex. A ¶¶ 100-115.

56. MSI has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of the '407 patent, either literally or under the Doctrine of Equivalents. For example, the Accused '407 Products does not infringe, directly or indirectly, claim 8 or any claim that depends on claim 8 of the '407 patent at least because they are not, and/or do not include, "an array of programmable digital circuit blocks," as required by claim 8 of the '407 patent.

57. An actual and justiciable controversy therefore exists between MSI and Monterey regarding whether any of the Accused '407 Products infringes "one or more claims of the '407 patent," including claim 8. A judicial declaration is necessary to determine the respective rights of the parties regarding the '407 patent.

58. MSI seeks a judgment declaring that MSI does not infringe and MSI has not infringed directly or indirectly the '407 patent.

**PRAYER FOR RELIEF**

WHEREFORE, MSI prays for judgment as follows:

A. Declaring that MSI does not infringe and MSI has not infringed, directly or indirectly, any valid and enforceable claim of the '625, '805, '226, '134, and '407 patents, either literally or under the Doctrine of Equivalents;

B. Declaring that judgment be entered in favor of MSI and against Monterey;

C. Enjoining Monterey and its officers, agents, servants, employees, attorneys, and those in active concert or participation with them from asserting infringement or instituting or continuing any action for infringement of the '625, '805, '226, '134, and '407 patents against MSI or its subsidiaries, affiliates, customers (direct or indirect), distributors (direct or indirect), or contractors (direct or indirect);

D. Finding that this is an exceptional case under 35 U.S.C. § 285;

E. Awarding MSI its costs and attorneys' fees in connection with this action; and

F. Awarding MSI such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated:   May 14, 2020 | Respectfully submitted, |
| | By:  */s/ Eric E. Lancaster* |
| | Bijal V. Vakil (SBN192878)<br>bijal@whitecase.com<br>Shamita Etienne-Cummings (SBN 202090)<br>setienne@whitecase.com<br>Eric E. Lancaster (SBN 244449)<br>eric.lancaster@whitecase.com<br>WHITE & CASE LLP<br>Two Palo Alto Square, Suite 900<br>3000 El Camino Real<br>Palo Alto, CA  94306<br>Telephone:  650.213.0300<br>Facsimile:  650.213.8158 |
| | Attorneys for Plaintiff<br>MARVELL SEMICONDUCTOR, INC. |

## JURY DEMAND

MSI demands a jury trial on all issues and claims so triable.

| | |
|---|---|
| Dated:   May 14, 2020 | Respectfully submitted, |
| | By:  */s/ Eric E. Lancaster* |
| | Bijal V. Vakil (SBN192878)<br>bijal@whitecase.com<br>Shamita Etienne-Cummings (SBN 202090)<br>setienne@whitecase.com<br>Eric E. Lancaster (SBN 244449)<br>eric.lancaster@whitecase.com<br>WHITE & CASE LLP<br>Two Palo Alto Square, Suite 900<br>3000 El Camino Real<br>Palo Alto, CA  94306<br>Telephone:  650.213.0300<br>Facsimile:  650.213.8158 |
| | Attorneys for Plaintiff<br>MARVELL SEMICONDUCTOR, INC. |

WHITE & CASE LLP
ATTORNEYS AT LAW
SILICON VALLEY