UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARVELL SEMICONDUCTOR INC.,

Plaintiff,

v.

MONTEREY RESEARCH, LLC,

Defendant.

Case No.  20-cv-03296-VC

**ORDER GRANTING MOTION TO DISMISS**

Re: Dkt. No. 17

Monterey Research sued Marvell Semiconductor for patent infringement in the District of Delaware. Several months later, Marvell brought this duplicative action for declaratory relief against Monterey in the Northern District of California. The parties dispute whether this duplicative action should be dismissed or merely stayed while the District of Delaware considers Marvell's motion to dismiss or transfer the case to the Northern District of California.

As an initial matter, the first-to-file rule applies because of the chronology and similarity of the two lawsuits. *See Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95-97 (9th Cir. 1982). Marvell contends that venue is lacking in the first lawsuit, but that is not immediately apparent. Moreover, this is not a case in which a second duplicative lawsuit needs to remain on file to avoid a statute of limitations issue in the event the first lawsuit is dismissed. *Compare Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 629 (9th Cir. 1991). For these reasons, and as explained more fully by Judge Koh in *Ruckus Wireless, Inc. v. Harris Corp.*, 2012 WL 588792, at *4-6 (N.D. Cal. Feb. 22, 2012), dismissal without prejudice is warranted.

Marvell certainly can't be blamed for filing a duplicative lawsuit and requesting a stay because the case law seems to leave room for this practice. *See, e.g.*, *EMC Corp. v. Bright*

*Response, LLC*, 2012 WL 4097707, at \*5 (N.D. Cal. Sept. 17, 2012); *Apple, Inc. v. Motorola, Inc.*, 2011 WL 13209986, at \*3 (W.D. Wis. Mar. 8, 2011); *USA Scientific, LLC v. Rainin Instrument, LLC*, 2006 WL 3334927, at \*2 (N.D. Cal. Nov. 16, 2006). But the law should not leave room for this practice, particularly in patent cases, which are expensive and time-consuming enough as it is. Even if a defendant in a patent case feels strongly that venue is lacking in the first lawsuit, there is simply no need to file a duplicative lawsuit for declaratory relief in a different court. There is no need to drag a second judge into addressing the initial question of whether venue is proper in the first lawsuit, and no need to keep a second lawsuit on file while waiting for the first judge to rule on that question. If venue is improper in the initial case, or if the initial case should be transferred for convenience, the defendant can simply file a motion to that effect and await the outcome. And for that matter, vice-versa: if an accused infringer initially files a declaratory relief action and the patentholder thinks venue is improper or the case should be transferred for convenience, the answer is to file a motion to that effect, not to file a duplicative lawsuit in a different court. The practice of allowing parties in patent cases to bring duplicative lawsuits, and then allowing them to keep those lawsuits on file in the hope the initial lawsuit is dismissed, is nothing but a waste of time and money for the parties and the courts.

        **IT IS SO ORDERED.**

Dated: November 11, 2020

_____

VINCE CHHABRIA
United States District Judge